FILED

OCT 28 2026

U.S. BANKRUPTCY COURT
BY__________ DEPUTY

**MARCUS ASMAR**
Creditor, Pro Se
2060 Maple Ave Unit A
Costa Mesa, California 92627
Telephone: (949) 572-5003
Email: marcus@decoded.la

Creditor and Proposed Purchaser, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-52947-mmp |
| | § | |
| CARLOS DANIEL VALADEZ, | § | Chapter 7 |
| | § | |
| Debtor. | § | |

**CREDITOR MARCUS ASMAR'S RESPONSE IN SUPPORT OF TRUSTEE'S MOTION TO SELL AND LIMITED OBJECTION TO COMPETING BID QUALIFICATION**

*(Related to Docket Nos. 72, 73, 76, and 78)*

Marcus Asmar ("Creditor"), a creditor and proposed purchaser appearing pro se, supports the Trustee's Motion to Sell an Estate Claim to Marcus Asmar (Dkt. 72). Creditor asks the Court to determine the highest and best qualified offer at the November 3, 2026 hearing and to approve and consummate the transaction that day. This limited objection concerns only whether Debtor Carlos Daniel Valadez's competing offer has been shown to be a better qualified offer, rather than merely a higher stated number.

Creditor does not request a continuance. Creditor has submitted an offer to the Trustee in accordance with the Trustee's bid procedures and remains prepared to perform promptly if selected.

## I. RESPONSE TO TRUSTEE'S MOTION

**1.** Paragraph 1 is admitted as to the filing, chapter, and Trustee authority stated therein.

**2.** Paragraph 2 is admitted as to the existence and procedural posture of the Texas litigation and as to the Trustee's statement that the Debtor did not disclose the Texas claims in his original or amended Schedules or Statement of Financial Affairs.

**3.** Paragraph 3 is denied to the extent it summarizes or adopts the Debtor's allegations concerning the underlying vehicle transaction. Creditor expressly reserves all defenses and affirmative claims.

**4.** Paragraph 4 is admitted. Creditor supports the Trustee's request to sell or release the estate-owned claims against Marcus Asmar in exchange for consideration approved by the Court.

**5.** Paragraph 5 is admitted as a statement of the Trustee's position. Creditor relies upon the Trustee's express statements that the estate lacks resources to prosecute the claims, the Debtor waived discharge, and the Debtor does not cooperate with the Trustee in administration of other aspects of the Chapter 7 case.

**6.** Paragraph 6 is admitted as the Trustee's representation regarding federal income tax consequences to the estate.

**7.** Paragraph 7 is admitted. Creditor supports authority for the Trustee to execute, acknowledge, and deliver all instruments necessary to consummate and memorialize the approved sale, assignment, release, and dismissal.

**8.** Paragraph 8 is admitted. Creditor agrees that the transaction is subject to higher and better offers, but objects to treating a higher nominal amount as a better offer absent adequate qualification and ability to perform.

## II. THE RECORD WARRANTS SCRUTINY OF THE DEBTOR'S COMPETING OFFER

**1.** Docket No. 76 states only that, on October 13, 2026, the Trustee received by email an offer from the Debtor to pay $8,000.00 for the same estate claims. Docket No. 76 identifies no deposit, proof of funds, bank verification, source-of-funds documentation, financing commitment, or other evidence establishing present ability to close.

**2.** Docket No. 78 establishes final sealed bidding, but it likewise does not impose or identify any proof-of-funds, deposit, or source-of-funds requirement. A higher stated number is not necessarily a higher and better transaction if the competing offer has not been shown to be qualified and performable.

**3.** The Trustee's concerns are not hypothetical. Docket No. 72 states that the very Texas claims now being reacquired by the Debtor were not disclosed in his original or amended schedules and that the Debtor has not cooperated with the Trustee in other aspects of the Chapter 7 case. Separately, after the petition date, the Debtor pursued affirmative claims in the California action arising from the same prepetition vehicle transaction without having scheduled those affirmative claims as assets. Those California claims were later dismissed as to Alphamotive Motors, LLC through the California court's service-related order-to-show-cause process. Creditor relies on this history only as context for why objective qualification of the Debtor's present offer matters.

**4.** Docket No. 73 further states that the Debtor had not turned over his 2023 and 2024 federal income tax returns and asks this Court to enforce its prior order by civil contempt or otherwise. That enforcement motion is set for the same November 3 hearing as the sale.

**5.** On April 16, 2026, this Court approved the Debtor's written waiver of discharge under 11 U.S.C. § 727(a)(10). The claims register reflects 20 filed claims totaling approximately $10.61 million. The waiver means the Debtor's prepetition liabilities are not discharged through this Chapter 7 case; therefore, any later recovery personally realized by the Debtor is not insulated by a Chapter 7 discharge from otherwise applicable creditor collection and enforcement rights. This does not bar the Debtor from bidding, but it makes financial qualification and the lawful source and ownership of funds proposed for reacquiring a previously undisclosed estate asset particularly relevant to whether his offer is the better qualified transaction.

**6.** The Court also entered a July 31, 2026 default order terminating the automatic stay in favor of Regions Mortgage as to the Debtor's residence. That circumstance does not establish inability to pay $8,000.00, but it is additional record context supporting objective evidence of present funding rather than reliance on an unsupported promise to pay.

**7.** Creditor specifically asked the Trustee whether the Debtor's proposed purchase funds had been verified and requested information concerning their source. No verification or source-of-funds information was provided to Creditor, and no such evidence appears in the filed sale record.

## III. THE COURT SHOULD SELECT THE HIGHEST AND BEST QUALIFIED OFFER ON NOVEMBER 3

The Trustee's original Motion makes the transaction subject to "higher and better offers," not simply the numerically highest statement of price. The Fifth Circuit recognizes that a bankruptcy court may consider certainty of performance and that a higher nominal offer need not control where there is substantial doubt about the bidder's ability to produce the required cash. See Cadle Co. v. Mims (In re Moore), 608 F.3d 253, 263, 265-66 (5th Cir. 2010); Gluckstadt Holdings, L.L.C. v. VCR I, L.L.C. (In re VCR I, L.L.C.), 922 F.3d 323, 326-27 (5th Cir. 2019).

Because Docket No. 72 expressly seeks authority either to sell the estate's claims against Creditor or to release those claims, approval of the transaction also constitutes approval of a compromise under Federal Rule of Bankruptcy Procedure 9019. See In re Moore, 608 F.3d at 265-66. The same noticed transaction can therefore be approved at the November 3 hearing under both § 363(b) and Rule 9019.

Creditor is not asking the Court to punish the Debtor or to decide every dispute in this bankruptcy case. Creditor asks only that the competing offer be judged on actual qualification and ability to perform at the scheduled sale hearing. A bidder who has not established lawful, immediately available funds by the hearing should not receive a continuance merely to arrange financing or cure qualification after the sealed-bid process has concluded.

Creditor is prepared to perform immediately if selected. The full purchase price will be paid **WITHIN ONE (1) HOUR AFTER ENTRY OF THE COURT'S ORDER APPROVING THE TRANSACTION.** No financing contingency or additional approval period is requested.

## IV. REQUESTED DISPOSITION

**1.** Determine at the November 3, 2026 hearing whether each competing offer is timely, qualified, funded, and capable of lawful performance based on the record and evidence then presented;

**2.** Decline to treat the Debtor's $8,000 email offer as the highest and best qualified offer unless the Debtor establishes lawful, immediately available funds and present ability to close;

**3.** If the Debtor has not established qualification by the November 3 hearing, reject his competing offer at that hearing rather than continue the matter to permit later financing or cure;

**4.** Approve Creditor's sealed offer if the Court finds it to be the highest and best qualified offer;

**5.** Authorize and direct the Trustee, upon receipt of payment, to sell, assign, and transfer to Creditor all estate-owned causes of action against Marcus Asmar asserted in Cause No. 2024 CI04461 and, as part of the approved compromise, to fully and finally release and extinguish those claims as against Marcus Asmar;

**6.** Direct the Trustee, within one business day after receipt of payment, to execute and file, or cause to be filed, in Cause No. 2024 CI04461 a notice of nonsuit and dismissal WITH PREJUDICE as to every Covered Claim against Marcus Asmar, and to execute any limited appearance, substitution, assignment, release, or other instrument the Texas court reasonably requires to effect that dismissal;

**7.** Provide that, upon payment, neither the estate nor the Debtor retains any right, title, interest, standing, or authority to prosecute, assign, transfer, or otherwise assert the Covered Claims against Marcus Asmar;

**8.** Waive the fourteen-day stay under Federal Rule of Bankruptcy Procedure 6004(h) so the approved transaction may be consummated immediately; and

**9.** Grant such other relief as is just and consistent with final determination of the sale on November 3, 2026.

To the extent this response is considered outside any earlier response period applicable to Docket No. 72, Creditor respectfully requests that it nevertheless be considered because Docket Nos. 76 and 78 introduced the competing Debtor offer and final sealed-bid procedures after the original motion, and this filing supports rather than opposes the Trustee's requested liquidation of the asset.

*Respectfully submitted,*

Marcus Asmar

**MARCUS ASMAR**
Creditor and Proposed Purchaser, Pro Se
2060 Maple Ave Unit A
Costa Mesa, California 92627
Telephone: (949) 572-5003
Email: marcus@decoded.la

## DECLARATION OF MARCUS ASMAR

**1.** I am Marcus Asmar, a creditor and proposed purchaser in this case. I am appearing pro se. The statements in this declaration are based on my personal knowledge.

**2.** I submitted the purchase offer that formed the basis of Docket No. 72 and have submitted an offer to the Trustee in accordance with the Trustee's bid procedures. I remain prepared to complete the transaction if selected.

**3.** After learning of the Debtor's $8,000 competing offer, I asked the Trustee whether the Debtor's purchase funds had been verified and requested information concerning the source of those funds. No verification or source-of-funds information was provided to me.

**4.** I have reviewed Docket Nos. 72, 73, 76, and 78. I am not aware of any filed deposit, proof of funds, bank verification, or source-of-funds documentation supporting the Debtor's $8,000 offer.

**5.** If the Court accepts my sealed offer, I will pay the full purchase price **WITHIN ONE (1) HOUR** AFTER ENTRY OF THE COURT'S ORDER APPROVING THE TRANSACTION.

**6.** I do not request a continuance. I ask the Court to determine the competing offers and approve the highest and best qualified transaction at the November 3, 2026 hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 28, 2026, at Costa Mesa, California.

*Respectfully submitted,*

Marcus Asmar

**MARCUS ASMAR**
Creditor and Proposed Purchaser, Pro Se
2060 Maple Ave Unit A
Costa Mesa, California 92627
Telephone: (949) 572-5003
Email: marcus@decoded.la

## CERTIFICATE OF SERVICE

I certify that on October 28, 2026, before filing the foregoing Creditor Marcus Asmar's Response in Support of Trustee's Motion to Sell and Limited Objection to Competing Bid Qualification, together with the proposed order, I served a true and correct copy by United States First Class Mail, postage prepaid, upon the following:

**Carlos Daniel Valadez**
22964 Cielo Vis
San Antonio, Texas 78255-9540

**Morris Eugene White III**
Villa & White LLP
100 NE Loop 410, Suite 615
San Antonio, Texas 78216-4713

**John Patrick Lowe**
Chapter 7 Trustee
2402 East Main Street
Uvalde, Texas 78801

**Kevin M. Epstein**
United States Trustee
615 E. Houston Street, Suite 533
San Antonio, Texas 78205-2055

I declare that the foregoing service was completed on the date stated above.

Marcus Asmar

**MARCUS ASMAR**
Creditor, Pro Se
2060 Maple Ave Unit A
Costa Mesa, California 92627
Telephone: (949) 572-5003
Email: marcus@decoded.la