**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-52947-mmp |
| | § | |
| CARLOS DANIEL VALADEZ, | § | Chapter 7 |
| | § | |
| Debtor. | § | |

**[PROPOSED] ORDER APPROVING TRUSTEE'S MOTION TO SELL AND AUTHORIZING SALE, ASSIGNMENT, RELEASE, AND DISMISSAL WITH PREJUDICE OF ESTATE CLAIMS AGAINST MARCUS ASMAR**

On November 3, 2026, the Court considered the Trustee's Motion to Sell an Estate Claim to Marcus Asmar (Dkt. 72), the Trustee's Response (Dkt. 76), the Notice of Hearing and Bid Procedures (Dkt. 78), Creditor Marcus Asmar's Response in Support and Limited Objection, the sealed bids, and the evidence and arguments presented at the hearing.

The Court finds that adequate notice and opportunity to be heard were provided; that Docket No. 72 expressly sought authority either to sell the estate's claims against Marcus Asmar or to release those claims; that the transaction may be approved as both a sale under 11 U.S.C. § 363(b) and a compromise under Federal Rule of Bankruptcy Procedure 9019; that Marcus Asmar's sealed offer is the highest and best qualified offer under the circumstances presented; and that the competing offer submitted by Debtor Carlos Daniel Valadez is not the highest and best qualified offer.

The Court further finds that the transaction is supported by sound business reasons, is fair and equitable to the estate, and provides a certain and immediate monetization of the estate's claims against Marcus Asmar.

**IT IS THEREFORE ORDERED:**

**1. Approval of Transaction.** The Trustee's Motion at Docket No. 72 is GRANTED as provided herein. The Court approves the sale and compromise of the estate-owned claims against Marcus Asmar to Marcus Asmar ("Purchaser"). The Purchase Price is the amount stated in Purchaser's timely sealed offer admitted into evidence at the November 3, 2026 hearing.

**2. Competing Debtor Offer.** The competing offer submitted by Debtor Carlos Daniel Valadez is not approved.

**3. Covered Claims.** "Covered Claims" means all causes of action against Marcus Asmar that are property of the bankruptcy estate and are asserted in Valadez v. Alphamotive Motors, LLC, Cause No. 2024 CI04461, pending in the 131st Judicial District Court of Bexar County, Texas, as of entry of this Order.

**4. Payment.** Purchaser shall pay the full Purchase Price to the Trustee **WITHIN ONE (1) HOUR AFTER ENTRY OF THIS ORDER.**

**5. Sale, Assignment, Transfer, and Release.** Upon the Trustee's receipt of the Purchase Price, the Trustee is authorized and directed to sell, assign, and transfer the Covered Claims to Purchaser. Simultaneously, and as part of the compromise approved by this Order, the Covered Claims are fully and finally released and extinguished as against Purchaser. Neither the estate nor the Debtor retains any right, title, interest, standing, or authority to prosecute, assign, transfer, or otherwise assert the Covered Claims against Purchaser.

**6. State-Court Implementation and Dismissal With Prejudice.** Within one business day after receipt of the Purchase Price, the Trustee shall execute and file, or cause to be filed, in Valadez v. Alphamotive Motors, LLC, Cause No. 2024 CI04461, a notice of nonsuit and dismissal **WITH PREJUDICE** as to every Covered Claim against Marcus Asmar. The Trustee is authorized and directed to execute any limited appearance, substitution, assignment, release, stipulation, or other instrument reasonably required by the Texas court to effectuate that dismissal. No personal appearance by the Trustee is required unless the Texas court specifically requires one. Purchaser may file a certified copy of this Order and any executed assignment or release in the Texas action to evidence the disposition of the Covered Claims.

**7. No Further Bidding or Approval Required.** No further bidding, auction, sale-approval hearing, or additional order is required to consummate the transaction authorized by this Order. Upon entry of this Order, the bidding process concerning the Covered Claims is concluded, subject only to Purchaser's payment obligation in paragraph 4.

**8. Rule 6004(h) Stay Waived.** The fourteen-day stay provided by Federal Rule of Bankruptcy Procedure 6004(h) is WAIVED. This Order is effective immediately upon entry.

**9. Preservation of Purchaser's Rights.** Nothing in this Order releases, waives, adjudicates, or impairs any claim, proof of claim, defense, offset, or other right owned by Purchaser against the Debtor or any other person. Purchaser's Proof of Claim and all otherwise available rights are expressly preserved.

**10. Retained Jurisdiction.** The Court retains jurisdiction to interpret, implement, and enforce this Order and the transaction authorized herein.

**### END OF ORDER ###**

***Order submitted by:***

Marcus Asmar

**MARCUS ASMAR**
Creditor and Proposed Purchaser, Pro Se
2060 Maple Ave Unit A, Costa Mesa, California 92627
marcus@decoded.la - 949.572.5003